```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT BLUEFIELD
```

UNITED STATES OF AMERICA

v.                                    CRIMINAL NO. 1:24-00126-01

ARTURO JOEL GALLEGOS

<u>MEMORANDUM OPINION AND ORDER</u>

In Bluefield, on August 26, 2025, came the defendant, Arturo Joel Gallegos, in person and by counsel, Christopher Maidona, Assistant Federal Public Defender, and came the United States by Brian Parsons, Assistant United States Attorney, for the purpose of considering the defendant's plea of guilty to Count One of the indictment, charging him with conspiracy to introduce or attempt to introduce contraband into a federal prison, in violation of Title 18, United States Code, Section 371. Jacob Grimmett, United States Probation Officer, appeared on behalf of the United States Probation Department.

The court inquired of the defendant, addressing him personally and by counsel, to determine the competency of the defendant to proceed. The court found the defendant competent.

The Assistant United States Attorney then offered for the court's consideration and summarized the entirety of a written plea agreement signed by both the defendant and his counsel,

which signatures the defendant and his counsel acknowledged in court.

The court inquired of the defendant, his counsel and counsel for the United States as to the advantages which accrue to the defendant and the United States by virtue of a plea of guilty as opposed to a trial on the merits.  The court informed the defendant of the maximum penalties to which he will be exposed by virtue of his plea of guilty and defendant acknowledged his understanding of the same.

After considering comments by counsel, the court found the defendant's decision to enter a guilty plea to be fair to the interests of both the defendant and the United States for the reasons stated in court.  The court then conditionally approved the plea agreement in the interest of the administration of justice.

The court next inquired as to the defendant's plea and the defendant responded that he intended to plead guilty.  The court explained the statute under which this action is prosecuted and the elements which the United States would have had to prove, beyond a reasonable doubt, had the matter been tried.  The Assistant United States Attorney then stated the factual basis establishing that the defendant committed the offense to which he

was pleading guilty.  The defendant admitted that the factual basis as stated was substantially true.

The court informed the defendant, pursuant to the requirements of Rule 11 of the Federal Rules of Criminal Procedure, of the constitutional rights he would waive by pleading guilty to the Count One of the indictment, which is a felony.  The court then determined that the defendant understood those rights.  The court advised the defendant that he could not withdraw his plea if he was dissatisfied with the sentence rendered.

The court inquired of the defendant personally as to whether any threats or promises had been made to him to induce him to plead, whether any predictions were made regarding the sentence he might receive, and whether he had any second thoughts about entering a plea of guilty, to which questions the defendant responded in the negative.

Based upon the defendant's plea of guilty, as well as his factual admission of guilt, the court found that there existed a factual and legal basis for the defendant's plea of guilty. Based upon the United States' proffer of evidence against the defendant, the court found that there also existed an independent factual basis for the defendant's plea of guilty.  The court further found that the defendant tendered his plea of guilty

3

voluntarily and with a full understanding and awareness of the constitutional and other rights which he gives up by pleading guilty, and with an awareness of what the United States would have to prove against him if the case went to trial.  The court further found that the defendant had an appreciation of the consequences of his plea and accepted the defendant's plea of guilty to Count One of the indictment.

   Pursuant to Sentencing Guideline § 6B1.1(c), the court deferred acceptance of the plea agreement and an adjudication of guilt pending receipt of the presentence investigation report.  Accordingly, the court adjudges and the defendant now stands provisionally guilty of Count One of the indictment.

   The court scheduled the disposition of this matter for December 8, 2025, at 11:00 a.m., in Bluefield.  The Probation Department is directed to conduct a presentence investigation in this matter and to provide a report to this court.  Unless otherwise directed by this court, the probation officer is not to disclose the officer's sentencing recommendation to anyone except the court.

   Sentencing Memoranda are NOT required.  If a party wishes to file a sentencing memorandum, that memorandum must be filed no later than TWO business days prior to the sentencing hearing.

The court found by clear and convincing evidence that the defendant was not a flight risk or a danger to the community and continued the defendant on a $10,000 unsecured bond.  Defendant's release on bond shall be subject to the same conditions imposed when bond was originally set.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record, the United States Marshal for the Southern District of West Virginia and the Probation Office of this court.

**IT IS SO ORDERED** this 29th day of August, 2025.

        ENTER:

        *David A. Faber*
        David A. Faber
        Senior United States District Judge